THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL L., and M.L.,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHEM BLUE CROSS AND BLUE SHIELD, and the DEFENDERS INC. MEDICAL BENEFITS PLAN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION IN PART AND GRANTING MOTION IN PART**<br><br>Case No. 4:21-cv-32-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiffs Michael L. and M.L. filed a complaint alleging claims under 29 U.S.C. §1132(a)(1)(B) for recovery of benefits[1] and 29 U.S.C. §1132(a)(3) for violation of the Mental Health Parity and Addiction Equity Act of 2008 ("MHPAEA")[2] against Defendants Anthem Insurance Companies, Inc.[3] ("Anthem") and Defenders Inc. Medical Benefits Plan ("the Plan"). Pursuant to FED. R. CIV. P. 12(b)(2) and 12(b)(3), Defendants moved to dismiss for lack of jurisdiction and improper venue or, in the alternative, to transfer this action to the United States District Court for the Southern District of Indiana under 28 U.S.C. §1404(a).[4] Plaintiffs filed a response[5], and Defendants filed a reply[6].

---

[1] Complaint, docket no. 2, filed March 3, 2021, ¶¶ 33–37 at 9–10.

[2] *Id.*, ¶¶ 38–53 at 10–15.

[3] Anthem was named in the Complaint as "Anthem Blue Cross and Blue Shield."

[4] Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, to Transfer Venue and Memorandum in Support ("Motion to Dismiss" and "Motion to Transfer"), docket no. 17, filed June 25, 2021.

[5] Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, to Transfer Venue and Memorandum in Support ("Opposition"), docket no. 20, filed August 12, 2021.

[6] Defendants' Reply Memorandum in Support of Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, to Transfer Venue ("Reply"), docket no. 21, filed August 26, 2021.

For the reasons discussed below, Defendants' Motion to Dismiss is DENIED. However, Defendants' Motion to Transfer is GRANTED.

**Contents**

Background ........................................ 2
Discussion ........................................ 3
The District of Utah has Personal Jurisdiction over Defendants ........................................ 3
Venue is Proper in the District of Utah ........................................ 7
The Southern District of Indiana is a More Appropriate Forum ........................................ 7
The Plaintiff's Choice of Forum Weighs Slightly Against Transfer ........................................ 8
The Accessibility of Witnesses and Other Sources of Evidence Weigh in Favor of Transfer. ........................................ 9
Court Congestion is a Neutral Factor ........................................ 10
The Other Considerations are Neutral or Weigh in Favor of a Transfer ........................................ 11
Conclusion and Order ........................................ 11

## BACKGROUND

Michael L. is the father of M.L.[7] Both are residents of Hamilton County, Indiana.[8] Michael L. was a participant and M.L. was a beneficiary in The Plan at all relevant times.[9] The Plan is a self-funded employee welfare benefits plan under 29 U.S.C. §1001 *et. seq*., the Employee Retirement Income Security Act of 1974 ("ERISA").[10] Anthem acted as a third-party claims administrator and fiduciary for the Plan during the treatment at issue in this case.[11] Anthem is an Indiana corporation[12], and the Plan is funded by Defenders, Inc., which was at relevant time an Indiana corporation.[13]

---

[7] Complaint, ¶ 1 at 1.

[8] *Id*.

[9] *Id*., ¶ 3 at 2.

[10] *Id*.

[11] *Id*., ¶ 2 at 1.

[12] Declaration of Michelle Kersey, ¶ 4 at 1, docket no. 17-2, filed June 25, 2021.

[13] Defenders Certified Copies, docket no. 17-1, filed June 25, 2021.

From July 2017 to December 2017, M.L. underwent inpatient treatment at Turn About Ranch ("TAR"), a residential treatment facility for mental health, behavior, and substance abuse issues located in Utah.[14] In August 2017, Anthem denied claims for payment of M.L.'s medical expenses in connection with her treatment at TAR.[15] Michael L. appealed the denial in February 2018.[16] The appeal was denied in March 2018.[17] Michael L. then requested that the denial be evaluated by an external review agency.[18] The external review agency upheld the denial on November 13, 2018.[19]

**DISCUSSION**

Defendants request that the Complaint be dismissed under Rules 12(b)(2) (lack of personal jurisdiction) and 12(b)(3) (improper venue) of the Federal Rules of Civil Procedure.[20] They alternately request that this action be transferred to the United States District Court of the Southern District of Indiana.[21] Because ERISA provides for nationwide service of process, and the forum of Utah is fair and reasonable to Defendants, the Motion to Dismiss will be denied. However, because the Southern District of Indiana is a more convenient forum, this action will be transferred to that forum.

**The District of Utah has Personal Jurisdiction over Defendants**

"Before a federal court can assert jurisdiction over a defendant in a federal question case, the court must determine (1) 'whether the applicable statute potentially confers jurisdiction' by

---

[14] Complaint, ¶ 4 at 2.

[15] *Id.*, ¶ 16 at 4.

[16] *Id.*, ¶ 17 at 5.

[17] *Id.*, ¶ 26 at 7-8.

[18] *Id.*, ¶ 27 at 8.

[19] *Id.*, ¶ 29 at 8-9.

[20] Motion at 4.

[21] *Id.* at 12.

authorizing service of process on the defendant and (2) 'whether the exercise of jurisdiction comports with due process.'"[22] When a federal statute provides the basis for jurisdiction, as is the case here, the limits of personal jurisdiction flow from the Due Process Clause of the Fifth Amendment.[23]

29 U.S.C. § 1132(e)(2), which discusses service of process in ERISA cases, authorizes nationwide service of process.[24] Therefore, "provided that due process is satisfied, § 1132(e)(2) confers jurisdiction over defendants by authorizing service of process on them."[25]

In "a federal question case where jurisdiction is invoked based on nationwide service of process, the Fifth Amendment [Due Process Clause] requires the plaintiff's choice of forum to be fair and reasonable to the defendant."[26] A defendant has the burden to show a forum is not fair and reasonable by establishing "constitutionally significant" inconvenience, such that his or her liberty interests have been violated.[27] To be meet this burden, the defendant must show that "exercise of jurisdiction in the chosen forum will 'make litigation so gravely difficult and inconvenient that [he] unfairly is at a severe disadvantage in comparison to his opponent.'"[28]

In determining if the inconvenience of litigating in a particular forum reaches the level of a constitutional concern, the Tenth Circuit has instructed courts to consider

> (1) the extent of the defendant's contacts with the place where the action was filed; (2) the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business, including (a) the nature and extent and interstate character of the defendant's business, (b) the defendant's access to counsel, and (c) the distance from the defendant to the place where the

---

[22] *Peay v. BellSouth Medical Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000).

[23] See *id*. at 1210.

[24] *Id*. at 1210.

[25] *Id*.

[26] *Id*. at 1212.

[27] *Id*.

[28] *Id*. (alteration in original) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

> action was brought; (3) judicial economy; (4) the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business; and (5) the nature of the regulated activity in question and the extent of impact that the defendant's activities have beyond the borders of his state of residence or business.[29]

It is only in highly unusual cases that inconvenience will rise to the level of a constitutional concern, because the modern age of communication and transportation has lessened the burdens of litigating in a distant forum.[30]

Just as was the case in *Peay v. Bellsouth Med. Assis. Plan.*, a Tenth Circuit ERISA case in which an insurance company argued that a Utah federal district did not have personal jurisdiction over it, Defendants "cannot show their liberty interests have actually been infringed." Although some of the factors the *Peay* court instructed courts to consider weigh in favor of Defendants', the inconvenience of litigating in Utah does not rise to the level of "a severe disadvantage," and thus is not constitutionally significant.[31]

Defendants admittedly have few, if any, contacts in Utah. Defendants are not incorporated and do not have a primary place of business in Utah. Plaintiffs argue that sufficient contacts exist because Anthem does business in Utah and the treatment at issue took place in Utah.[32] Defendants correctly point out that outside of Plaintiff's choice to seek treatment in Utah, Plaintiffs have not established Defendants have many, if any, contacts in Utah.[33] Furthermore, while Plaintiffs argue that the current sponsor of the

---

[29] *Peay*, 205 F.3d at 1212.

[30] *Id*. at 1212-1213.

[31] *See Michael M. v. Nexsen Pruet Grp. Med. & Dental Plan*, No. 2:17-CV-1236 TS, 2018 WL 1406600, at *2 (D. Utah Mar. 19, 2018).

[32] Opposition at 5.

[33] Motion at 6; *see also Michael M.*, 2018 WL 1406600 at *3.

Plan, ADT, has locations in Utah, ADT is not a party to this litigation and became a sponsor after the events which gave rise to this action.[34] Overall, this factor weighs against finding personal jurisdiction.

However, the remaining factors do not rise to the level of creating a constitutionally significant inconvenience. Neither defendant has suggested they lack the resources to access Utah counsel, and indeed both have obtained Utah counsel.[35] "Although Utah might be some distance from [Indiana], 'modern means of communication and transportation greatly reduce the significance of this physical burden.'"[36] While considerations of judicial economy and any potential discovery may be more convenient if done in Indiana, these factors do not rise to the level of imposing a severe disadvantage on Defendants.[37] And since Defendants operate an insurance plan regulated by federal law that administers claims originating in multiple states,[38] their actions undoubtably have an impact beyond Indiana.[39]

Weighing all the factors, Defendants have "not met the burden of demonstrating that the district court's assertion of jurisdiction will make litigation so difficult and inconvenient that they will unfairly be at a severe disadvantage compared to plaintiffs."[40] Accordingly, the District of Utah has personal jurisdiction over Defendants.

---

[34] Opposition at 7.

[35] *See Howard W. v. Providence Health Plan*, No. 2:20CV463 JNP, 2021 WL 4459856, at *3 (D. Utah Sept. 29, 2021).

[36] *Id*. (quoting *Peay*, 205 F.3d at 1213).

[37] *See Michael M.*, 2018 WL 1406600 at *3-4.

[38] *See* Complaint, ¶ 2-4 at 1-2.

[39] *See Peay*, 205 F.3d at 1213.

[40] *Id*.

**Venue is Proper in the District of Utah**

29 U.S.C. § 1132(e)(2) provides that an ERISA action "may be brought in the district where the plan is administered, where the breach takes place, or where a defendant resides or may be found." For the purposes of 29 U.S.C. § 1132(e)(2), a corporation "resides" wherever personal jurisdiction is proper.[41] Because personal jurisdiction is proper in the District of Utah, Defendants reside there, and venue is proper in the District of Utah.

Therefore, Defendants' Motion to Dismiss will be denied.

**The Southern District of Indiana is a More Appropriate Forum**

Defendants request in the alternative that this action be transferred to the Southern District of Indiana under 29 U.S.C. § 1404(a). § 1404(a) allows a court, for "the convenience of parties and witnesses," to "transfer any civil action to any other district or division where it might have been brought."[42] In considering a motion to transfer under § 1404(a), a court should consider the following factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.[43]

---

[41] *Id*. at 1210 n.3.

[42] 29 U.S.C. § 1404(a).

[43] *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc*., 618 F.3d 1153, 1167 (10th Cir. 2010) (alteration in original) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc*., 928 F.2d 1509, 1516 (10th Cir.1991)).

The party seeking the change of venue has the burden of showing the existing forum is inconvenient.[44]

***The Plaintiff's Choice of Forum Weighs Slightly Against Transfer***

"[U]nless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed."[45] But the plaintiff's choice of forum receives less deference if the plaintiff does not reside in the district.[46] Furthermore, a plaintiff's choice of forum receives little weight "where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." Utah lacks any material connection with the facts of this case other than the fact that the treatment occurred in Utah.[47] In ERISA cases such as this one, the operative facts "center on the administrator's policies and decisions with respect to the claim, not the location of treatment."[48] Plaintiff resides in Indiana; the Plan was established and administered in Indiana; Anthem is incorporated in Indiana; and all relevant decisions about payment took place in Indiana. "'Because there is no other connection to Utah' besides the location of the treatment, 'Plaintiff['s] choice of forum is entitled to less deference in this case.'"[49] Therefore, while Plaintiff's choice to litigate this case in the District of Utah receives some weight, it is not controlling.

---

[44] *Emps. Mut. Cas. Co.*, 618 F.3d at 1167.

[45] *Id.* (alteration in original) (quoting *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992)).

[46] *Michael M*., 2018 WL 1406600 at *5.

[47] *IHC Health Servs., Inc. v. Eskaton Properties, Inc*., No. 2:16-CV-3-DN, 2016 WL 4769342, at *8 (D. Utah Sept. 13, 2016).

[48] *Rula A.-S. v. Aurora Health Care*, No. 2:19-cv-00982-DAO, 2020 WL 7230119, at *3 (D. Utah 2020)).

[49] *Scott M. v. Cigna Health & Life Ins. Co*., No. 4:21-CV-00007-DN-PK, 2021 WL 3194732, at *4 (D. Utah July 28, 2021) (alteration in original) (quoting *Rula A.-S.*, 2020 WL 7230119, at *2).

***The Accessibility of Witnesses and Other Sources of Evidence Weigh in Favor of Transfer.***

"The convenience of witnesses is [typically] the most important factor in deciding a motion under § 1404(a)."[50] In ERISA cases, this factor is not as important as in other cases because the review of evidence is typically limited to the administrative record.[51] But to the extent witnesses may be required and evidence may be produced, the relevant witnesses and evidence will almost certainly all be located in Indiana, where the review of Plaintiffs' claims and the denial of benefits took place.[52] While Plaintiffs argue that witnesses from Utah will be required,[53] this argument is unpersuasive. Any discovery would focus on the terms of the plan and the rationale behind Defendants' decision to deny coverage, which would necessarily be produced by Defendants in Indiana.[54]

Plaintiffs also argue that their MHPAEA claim would require witnesses from the state of Utah, but this too is unpersuasive.[55] Plaintiffs' MHPAEA claim, like their ERISA claim, "targets 'the language of *the plan* or the process of *the plan*.'"[56] In *Scott M. v. Cigna Health & Life Ins. Co*, an action which also involved a motion to transfer venue for ERISA and MHPAEA claims, the court concluded that discovery for the claims would arise at the location of administration of

---

50 *Emps. Mut. Cas. Co.*, 618 F.3d at 1167 (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F.Supp. 667, 669 (D.Kan.1993)).

51 *Eskaton*, 2016 WL 4769342 at *9.

52 *See Rula A.-S.*, 2020 WL 7230119 at *4.

53 Opposition at 12-13

54 *See Scott M.*, 2021 WL 3194732 at *5.

55 Opposition at 12-13.

56 *Scott M.*, 2021 WL 3194732 at *4.

the plan.[57] Similarly to *Scott M.*, any discovery for either the ERISA claim or the MHPAEA claim will almost certainly be located where the plan is administered in Indiana.[58]

Although Defendants do not provide any specific facts regarding any witnesses, a court is able to make a "common sense conclusion" that most witnesses in an ERISA case are located at the location of administration and it would be inconvenient for those witnesses to travel to Utah.[59] Accordingly, these factors weight in favor of transfer.

***Court Congestion is a Neutral Factor***

"When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge."[60] The District of Utah has significantly fewer pending cases and weighted filings per judge than the Southern District of Indiana. The Southern District of Indiana has 2,364 pending civil cases and 884 weighted filings per judge, while the District of Utah has 556 cases and 513 weighted filings per judge.[61] However, the Southern District of Indiana offers quicker disposition of cases, with an average time of disposition for civil cases of 11.3 months and average time to trial of 39 months, compared to 12.6 months to disposition and 43.9 months until trial in the District of Utah(for the most

[57] *Id*. at *5.

[58] *See Rula A.-S.*, 2020 WL 7230119, at *4.

[59] *Michael M.*, 2018 WL 1406600, at *6.

[60] *Emps. Mut. Cas. Co.*, 618 F.3d at 1169.

[61] United States District Courts, National Judicial Caseload Profile (12–Month Period Ending June 30, 2021), https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2021/06/30-1

recently available data).[62] Here, because the statistics are evenly split, the relative congestion of courts does not weigh in favor of or against transfer.[63]

***The Other Considerations are Neutral or Weigh in Favor of a Transfer***

The remaining factors the Tenth Circuit directs district courts to consider are neutral or weigh in favor of transfer. Although conflict of laws and questions regarding local laws likely will not occur in this case, any judgment against Defendants would be easier to enforce in Indiana, where Defendants reside.[64] While Plaintiffs are understandably concerned about privacy implications, privacy "can be adequately preserved by redactions, use of initials, and, if necessary, filings under seal."[65] Finally, when a plan is not administered, adjudicated, or breached in Utah, and no parties reside in Utah, the interests of convenience and justice favor transfer.[66]

Considering all the above, Defendants have met their burden to show transfer to the Southern District of Utah is appropriate under § 1404(a).

**CONCLUSION AND ORDER**

For the foregoing reasons, Defendants have not shown that litigation in the District of Utah rises to the level of a constitutional inconvenience. However, after weighing the appropriate

---

[62] *Id*. The most recent data available for the time from filing to trial in the District of Utah is from 2018, so this particular statistic is given little weight.

[63] See Michael M., 2018 WL 1406600, at *6.

[64] *Id*.

[65] *Richard T.B. v. United Healthcare Ins. Co*., No. 2:18-CV-73, 2019 WL 145736, at *3 (D. Utah Jan. 9, 2019).

[66] *Michael M*., 2018 WL 1406600, at *7-8.

factors, Defendants have shown the Southern District of Indiana is the more convenient forum.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, to Transfer Venue and Memorandum in Support[67] is GRANTED IN PART and DENIED IN PART.
2. Defendants' Motion to Dismiss is DENIED.
3. Defendant's Motion to Transfer is GRANTED.
4. This action will be transferred to the United States District Court for the Southern District of Indiana.

Dated October 29, 2021.

BY THE COURT:

David Nuffer
United States District Judge

[67] Docket no. 17, filed June 25, 2021.